Dear Administrator, Pamela Warren,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Is the Department of Human Services subject to 74 O.S.Supp. 1999, §§ 63[74-63], 94, which govern the occupancy of space bystate agencies through the Department of Central Services, or isit subject to 56 O.S. Supp. 1999, § 189a(C), which governsthe leasing of office space for local units of the Department ofHuman Services?
 2. If the Department of Human Services is subject to 74 O.S.Supp. 1999, §§ 63[74-63], 94:
 a. is the Director of the Department of Central Servicesauthorized by law to waive the application of its rules regardingleasing of "local units" by the Department of Human Services?
 b. are the leasing rules promulgated by the Department ofHuman Services at OAC 340:2-13-22 authorized by law?
¶ 1 In effect, your questions call for application of two statutory schemes that have evolved over the years, both of which purport to control the leasing of office space for the Department of Human Services.
 Background
¶ 2 The Department of Central Services (DCS) is, by statute, responsible for the "construction, repair, maintenance, insurance, and operation of all buildings owned, used, or occupied by or on behalf of" the State of Oklahoma. 74 O.S.Supp. 1999, § 63[74-63](B). The Director of DCS has the authority to "make all necessary contracts by or on behalf of the state for any buildings or rooms rented for the use of the state or any of the officers thereof, . . . and allotment of space in such buildings." Id. § 63(C).
¶ 3 The authority of the Department of Human Services (DHS) comes from a different heritage. Oklahoma's individual boards of county commissioners were originally designated as the overseers of the poor within their respective jurisdictions. See 56 O.S.Supp. 1999, § 31[56-31]. These county programs were consolidated into a statewide program by public referendum in 1936. See 56 O.S.1991, § 189[56-189] (State Question No. 226, Initiative Petition No. 155, § 30). Title 56 O.S. Supp. 1999, § 189a[56-189a](A)(1), first adopted in 1939, required boards of county commissioners to provide quarters in the county courthouse for the State's new welfare programs. See id. Since 1953 that authority has been expanded in situations where courthouse space is inadequate. Seeid. § 189a(A)(2). The only reference in Section 189a to the Office of Public Affairs (OPA)[1] was added in 1989, when DHS was authorized to lease space for a North Tulsa field office if DHS determined that OPA could not provide adequate office space to serve the needs of that area. See 56 O.S. Supp. 1989,§ 189a[56-189a](d).
¶ 4 This office issued an Opinion on this subject in 1984.See A.G. Opin. 84-76. However, that Opinion did not consider56 O.S. 1981, § 189a[56-189a], and predated the decision in City ofChandler v. State ex rel. Department of Human Services,839 P.2d 1352 (Okla. 1992), as well as three amendments to 56 O.S.1981, § 189a[56-189a]. In light of those changes, it is appropriate to review the law and determine the most recent expressions of legislative intent.
 I. Application of 74 O.S. Supp. 1999, §§ 63, 94 To the Department of Human Services
¶ 5 The core question is whether DHS must follow 74 O.S. Supp.1999, §§ 63[74-63], 94 when it leases office space for local units under 56 O.S. Supp. 1999, § 189a[56-189a](C).
¶ 6 Section 63 of Title 74 broadly places DCS in charge of the operation of all buildings owned, used or occupied by State agencies as follows:
 A. The Department of Central Services shall have power to promulgate rules not inconsistent with the laws of this state.
 B. The Department of Central Services shall have charge of the construction, repair, maintenance, insurance, and operation of all buildings owned, used, or occupied by or on behalf of the state. . . .
 C. The Director of the Department of Central Services shall have authority to purchase all material and perform all other duties necessary in the construction, repair, and maintenance of all buildings under its management or control, shall make all necessary contracts by or on behalf of the state for any buildings or rooms rented for the use of the state or any of the officers thereof, and shall have charge of the arrangement and allotment of space in such buildings among the different state officers.
Id. (emphasis added).
¶ 7 Title 74, Section 94 provides:
 Except as otherwise provided by law, the Department of Central Services shall have full and complete authority to designate quarters for every department of state government, and to determine what space shall be allotted.
Id. (emphasis added).
¶ 8 In contrast, 56 O.S. Supp. 1999, § 189a[56-189a] allows DHS to acquire office space for its local units.
 A. 1. The board of county commissioners in each county shall furnish quarters for the local units of the Oklahoma Department of Human Services. Such quarters shall be located in the county courthouse or other suitable building in the county seat and shall be furnished with light, heat and water and adequate toilet facilities. The county excise board shall provide adequate appropriations to enable the county commissioners to comply with the provision of this subsection.
 2. If no suitable quarters or adequate facilities are available in the county courthouse or in the county seat, facilities shall be furnished and supplied in the city or town in the county, but not the county seat thereof, having the greatest population.
 3. The Department may enter into an agreement with the board of county commissioners for financial participation, by the Department, in the payment of rent on space leased for use by the Department, or in the cost of repairs of buildings or space used by the Department, or the cost of janitorial services and utility services, if the Oklahoma Commission for Human Services determines that such payment is necessary for adequate space for units of the Department and that monies for such purpose are available without detriment to programs administered by the Department.
 B. 1. If the Commission for Human Services determines that adequate or suitable quarters, office space or facilities for the local units of the Department are not obtainable, the Department may enter into an agreement with the board of county commissioners of the county, or with any state agency or public trust, for the construction or renovation of a building or buildings where local units of the Department may have quarters, office space or facilities; or may enter into a lease agreement for the rental of space and facilities in a building or buildings constructed or renovated by the county, or a state agency, public trust or building authority, for the purpose of providing office space to the Department or any other public agency or agencies.
 2. The Department shall not enter into any agreement under the provisions of this subsection unless federal financial participation is obtainable. All such agreements shall contain provisions as to financial participation therein by the parties to the agreement, payments to be made for the use or occupancy of the office space and facilities, and ownership of the building or buildings after payment of the cost of construction or renovation thereof has been completed, consistent with the requirements necessary for the Department to obtain or receive federal funds for such purpose.
 C. If the Commission for Human Services determines that adequate or suitable quarters, office space or facilities for local units of the Department are not obtainable from the board of county commissioners of the county, or from any state agency or public trust or building authority pursuant to the provisions of subsection B of this section, the Commission may enter into a lease agreement for the rental of space and facilities in a building or buildings owned or operated by a private vendor for the purpose of providing such quarters, office space or facilities.
 D. The Commission for Human Services is authorized to enter into agreements necessary to establish and determine the location of a North Tulsa field office if the Commission determines that state office space available through the Department of Central Services in Tulsa County is not appropriate and adequate to offer accessible and comprehensive services to clients of the Department of Human Services from North Tulsa County and Southern Osage County communities.
 E. If the Commission for Human Services determines that adequate or suitable quarters, office space or facilities for local units of the Department are not obtainable by lease agreement from the board of county commissioners of the county, from any state agency or public trust or building authority, or from a private vendor, the Commission for Human Services may acquire real property for such local units by lease-purchase agreement. Any such lease-purchase shall be explicitly authorized by the Legislature by concurrent resolution. Legislative authorization shall constitute legal authorization for this state to enter into such lease-purchase agreements.
Id. (emphasis added).
¶ 9 "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jacksonv. Independent Sch. Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982). When presented with a general statute and a specific statute to reconcile, the specific statute is considered paramount. Southwestern Bell Tel. Co. v. Oklahoma County ExciseBd., 618 P.2d 915, 919 (Okla. 1980).
¶ 10 Sections 63 and 94 of Title 74 express the general policy that DCS is to make all necessary contracts for the rental of office space for the state or its officers. Indeed, the first phrase of Section 94, "[e]xcept as otherwise provided by law," was added in 1972, emphasizing that this policy was to constitute a general law to which specific exceptions could be recognized.Id.
¶ 11 Section 189a of Title 56 constitutes a specific grant of authority which must be given priority over such a general law. Under Section 189a(A), county commissioners must first provide office space for local units of DHS in the courthouse or, if that is inadequate, in the largest town in the county. See id. If neither of those suffice, and if federal funds are available, DHS can contract with the county "or with any state agency or public trust" for the construction or lease of office space in publicly-owned buildings. Id. § 189a(B). If no public space is available, office space may thereafter be sought from a private vendor. See id. § 189a(C). If none of the above suffices, DHS may lease-purchase real property, with express authorization by the Legislature. See id., § 189a(E).[2] The only reference to DCS in 56 O.S. Supp. 1999, § 189a[56-189a] is in subsection D, added in 1989, which empowers DHS to enter into agreements for a North Tulsa field office if the Commission determines that state office space available through DCS is not appropriate and adequate for the needs in that area. See id. § 189a(D). Notably, the Commission for Human Services is given specific authority throughout Section 189a to determine whether existing DHS office space is adequate. Without such language, DCS would routinely make such decisions under 74 O.S. Supp. 1999 §§ 63[74-63], 94.
¶ 12 Therefore, DHS has been exempted from 74 O.S. Supp. 1999,§§ 63[74-63], 94 in relation to the acquisition of office space for local units of DHS. The Legislature has specifically authorized DHS to determine when existing office space is inadequate, and to obtain local unit office space from private vendors without the involvement of DCS.
¶ 13 This Opinion addresses only the authority of DHS in relation to its local unit office leasing. We express no opinion on DCS's jurisdiction in relation to the provision of other office space for DHS or other agencies. Because your second and third questions are dependent upon a different response to your first question, they need not be answered.
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Under 74 O.S. Supp. 1999 §§ 63[74-63], 94 the Department ofCentral Services has general authority over the leasing of officespace for state agencies.
 2. The Department of Human Services may, pursuant to thespecific provisions of 56 O.S. Supp. 1999 § 189a(C), actindependently of the Department of Central Services in leasingoffice space for local units of the Department of Human Servicesfrom private vendors.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
WALTER W. JENNY JR. ASSISTANT ATTORNEY GENERAL
[1] The Office of Public Affairs was a predecessor to the current Department of Central Services. The terms will be considered synonymous for the purposes of this Opinion. See 74O.S. Supp. 1999, § 61.2[74-61.2].
[2] This preferential order was recognized in City of Chandlerv. State ex rel. Department of Human Services, 839 P.2d 1352,1355 (Okla. 1992). The role, if any, of DCS in the process of leasing office space was not raised as an issue or otherwise addressed.